| | | |
|---|---|---|
| QUAMAINE LEE MASSEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU HENDLEY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's recent filing [Doc. 7]. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 9].

## I. BACKGROUND

Pro se Plaintiff Quamaine Lee Massey ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. On December 21, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Hendley, "Kizer Jr Morgon,"[1] FNU Stancil, FNU Lowery, Robert Barker, FNU Padgett, and Curtis Tate, all identified as officials at Marion.[2] [Doc. 1]. Plaintiff alleges that the following occurred between August 30, 2023 and December 2023 at Marion.

> [On August 30, 2023,] Officer Padgett approached my cell at dinner, there were no more trays on the cart and I didn't get fed 3-o'clock dinner. Than at approximately 504 pm Officer Hendley intentionally approached my cell with Officer Kalinowski. Then with my back turned Officer Hendley pulled my right arm as far as it could go out

---

[1] It appears from Plaintiff's allegations that this Defendant's name is Morgon Kizer, Jr. The Court will direct the Clerk to update the docket in this matter accordingly.

[2] Plaintiff names Defendants Hendley, Morgan, Tate, and Lowery in their individual and official capacities and Defendants Barker, Padgett, and Stancil in their official capacities only. [Doc. 1 at 3-5].

> the wicked trap while slamming my body up against the cell door, at least 4 to 5 times. 2. Prior Kizer and tate have retaliated by hindering me on Seg to prevent me from using the phone or any contact regarding my claim. Kizer and tate moved me to another Block on the day I filed a Grievance regarding retaliation and Hindering.

[Id. at 7-8 (errors uncorrected)]. Plaintiff also alleges that he filed an action in the North Carolina Industrial Commission on November 16, 2023 "dealing with the same facts involved in this action." [Id. at 12]. It appears that Plaintiff asserts in that action that Defendants Hendley, Kizer, Lowery, Barker, and Stancil are "interfering [with his] case by not sending [his] copies back." [Id.].

Next, Plaintiff does not allege what constitutional rights he claims have been violated but alleges "excessive use of force indifference to retaliation claims/adverse actions." [Id. at 5]. Plaintiff claims to have suffered various physical injuries and "fright." [Id. at 8]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as

fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails initial review for several reasons.

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, Plaintiff appears to bring multiple unrelated claims against unrelated defendants. That is, Plaintiff alleges that Defendant Hendley used excessive for against him on August 30, 2023, around dinner time and that "prior" Defendants Kizer and Tate retaliated against him and placed him in segregation to

3

hinder Plaintiff's "claim."  These may not be litigated in the same action.  The Court will not blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action.  The Court, therefore, will allow Plaintiff to amend his Complaint to make these decisions or to more clearly state his claims if these alleged events are related.

Plaintiff purports to sue the Defendants, who are state officials, for money damages in their official capacities.  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and are subject to dismissal.

Finally, Plaintiff fails to state any allegations against Defendants Stancil, Lowery, or Barker.  As such, these Defendants are also subject to dismissal.

The Court will allow Plaintiff to amend his Complaint to state a claim for relief.  If Plaintiff decides to file an amended complaint, he is admonished that he must clearly allege what each Defendant did, when they did it, and whether he contends the events alleged are related.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.

Also before the Court is Plaintiff's filing [Doc. 7] in which he recounts various events, including the timing of his submissions to this Court, exhaustion of remedies, and legal mail

4

handling on November 16, 2023 that "violated [his] legal mail rights." [Id.]. Plaintiff should not file random letters or other documents in this matter of this nature. The Court will strike this improper filing. Plaintiff is admonished to carefully review the Standing Order in this case before sending further documents to the Court. It provides that "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Standing Order, ¶ 5]. Moreover, "[p]remature, misdirected, or otherwise improper filings will not be permitted." [Id., ¶ 8].

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's filing [Doc. 7] is hereby **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to update the docket in this matter to reflect Defendant "Kizer Jr Morgon's" name as Morgon Kizer, Jr.

The Clerk is also instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: January 27, 2024

Kenneth D. Bell
United States District Judge