UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00361-FDW

| QUAMAINE LEE MASSEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| FNU HENDLEY, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, [Doc. 13], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's recent filing [Doc. 11]. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 9].

**I.   BACKGROUND**

Pro se Plaintiff Quamaine Lee Massey ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. On December 21, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Hendley; Morgon Kizer, Jr.; FNU Stancil; FNU Lowery; Robert Barker; FNU Padgett; and Curtis Tate; all identified as officials at Marion.[1] [Doc. 1]. Plaintiff alleged that the following occurred between August 30, 2023 and December 2023 at Marion.

> [On August 30, 2023,] Officer Padgett approached my cell at dinner, there were no more trays on the cart and I didn't get fed 3-o'clock dinner. Than at approximately 504 pm Officer Hendley intentionally approached my cell with Officer Kalinowski. Then with my back turned Officer Hendley pulled my right arm as far as it could go out the wicked trap while slamming my body up against the cell door, at least 4 to 5 times. 2. Prior Kizer and tate have retaliated by

---

[1] Plaintiff's case was originally assigned to District Judge Kenneth D. Bell.

> hindering me on Seg to prevent me from using the phone or any contact regarding my claim. Kizer and tate moved me to another Block on the day I filed a Grievance regarding retaliation and Hindering.

[Id. at 7-8 (errors uncorrected)].

Plaintiff's Complaint failed intial review for several reasons. [Doc. 10]. Plaintiff appeared to bring multiple unrelated claims against unrelated defendants, which may not be litigated in a single action. [Id. at 3-4]. Also, Plaintiff purported to sue Defendants in their official capacities for money damages and Plaintiff failed to state any allegations against Defendants Stancil, Lowery, or Barker. [Id. at 4]. The Court allowed Plaintiff 30 days to file an amended Complaint to properly state a claim for relief. [Id. at 4-5].

On February 5, 2024, Plaintiff filed an Amended Complaint purporting to add Judge Bell and the "Westlaw law library" as Defendants. [Doc. 12]. Plaintiff alleged that Plaintiff's case was "on the law library… [and] Judge Kenneth D. Bell deteriorate [his] character by antagonize pieces in [his] case…." [Id. at 2 (errors uncorrected)]. Due to Plaintiff's allegations against him, Judge Bell had this case reassigned to the undersigned. [See 2/7/2024 Docket Entry]. After having received the Court's Order on initial review, however, and realizing he had been afforded the opportunity to amend his Complaint, the Plaintiff filed a Second Amended Complaint removing Judge Bell and Westlaw as Defendants. [Doc. 13; see id. at 12].

Now before the Court for initial review is Plaintiff's Second Amended Complaint. [Doc. 13]. Plaintiff names FNU Hendley; FNU Stancil; Robert Barker; Morgan Kizer, Jr.; and FNU Lowery as Defendants in this matter in their individual and official capacities. [Id. at 2-3]. Plaintiff alleges as follows:

> Hendley and Kizer said i assaulted Hendley by pulling Hendley In the food port. Then Kizer went back and dropped all 3 assault on an officer down to a B charge. On 10-11-23 Barker, Lt. Lowery, and

2

> Kizer found me guilty of the 8-30-23 incident where Hendley intentionally pulled me out the wicked trap while slamming my body up against the cell door 4 to 5 times. Barker states that officers obstructed the camera footage only on there behalf. Barker heard the officers out in the hallway laughfin about Hendley pulling me through the trap. Stancil – was aware on 8-30-23 and took pictures of me handcuffed tight in my cell.

[Id. at 5]. Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, which the Court will construe as an excessive force claim. [Id. at 3]. For injuries, Plaintiff alleges to have sustained "deep gashes, fractured sholder, injurys to hand-arm" and "emotional damages." [Id. at 5 (errors uncorrected)]. Plaintiff seeks monetary relief only, including punitive damages. [Id.].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear

failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A. Official Capacity Claims

Plaintiff again purports to sue Defendants, who are state officials, for money damages in their official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

### B. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a

4

subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's Eighth Amendment excessive force claim against Defendant Hendley survives initial review as not clearly frivolous. Plaintiff, however, has failed to state a claim under the Eighth Amendment against any other Defendant. That is, Plaintiff alleges that Defendants Barker, Lowery, and Kizer found him guilty of the August 30, 2023 food trap incident, but does not allege that they participated in any use of excessive force on Plaintiff or otherwise subjected him to cruel and unusual punishment.[2] As to Defendant Stancil, his awareness of the food trap incident or having taken pictures of Plaintiff are not sufficient to state a claim under the Eighth Amendment. The Court, therefore, will dismiss Defendants Kizer, Barker, Lowery, and Stancil as Defendants in this matter.

Also before the Court is Plaintiff's improper filing [Doc. 11] in which he states that he is willing to participate in the WDNC Pro Se Settlement Assistance Program. [Doc. 11]. The Court

---

[2] To the extent Plaintiff sought to state a Fourteenth Amendment due process claim relative to the conduct of the alleged disciplinary proceeding, he has also failed. See Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974) (setting out the due process protections to which a prisoner is entitled relative to prison disciplinary proceedings).

5

will strike this filing for the same reasons the Court struck Plaintiff's previous filing. [Doc. 10 at 5; see Doc. 7]. **Plaintiff is again admonished not to file random letters or other documents in this matter. They will be summarily stricken**. Moreover, the WDNC Pro Se Settlement Assistance Program does not apply to prisoner civil rights cases. Should this action survive summary judgment, the Court will refer the matter to a Magistrate Judge to conduct a judicial settlement conference.

## IV.     CONCLUSION

In sum, Plaintiff's Eighth Amendment excessive force claim against Defendant Hendley in his individual capacity survives initial review. The Court will dismiss all remaining claims and the remaining Defendants in this matter and strike Plaintiff's filing in accordance with the terms of this Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant Hendley in his individual capacity survives initial review.

**IT IS FURTHERED ORDERED** that all remaining claims are **DISMISSED** on initial review for Plaintiff's failure to state a claim for relief. See 28 U.S.C. §§ 1915(e)(2), 1915A.

**IT IS FURTHER ORDERED** that Defendants Kizer, Stancil, Lowery, and Barker are **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's filing [Doc. 11] is hereby **STRICKEN** from the record in this matter.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Hendley, who is alleged to be current or former employee of the North Carolina Department of Adult Corrections.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

*Frank D. Whitney*
United States District Judge