# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00361-FDW

| | |
|---|---|
| QUAMAINE MASSEY, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU HENDLEY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's recent filings. [Docs. 40, 43].

Pro se Plaintiff Quamaine Lee Massey ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On December 21, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Hendley; Morgon Kizer, Jr.; FNU Stancil; FNU Lowery; Robert Barker; FNU Padgett; and Curtis Tate; all identified as officials at Marion Correctional Institution in Marion, North Carolina. [Doc. 1]. On February 15, 2024, Plaintiff's Second Amended Complaint passed initial review against Defendant Hendley in accordance with the Court's Order. [Doc. 14]. The remaining Defendants were dismissed. [Id. at 6]. On June 12, 2024, the Court entered its Pretrial Order and Case Management Plan setting the discovery deadline as October 10, 2024, and the dispositive motions deadline as November 11, 2024. [Doc. 30]. After one extension, the dispositive motions deadline expired on December 26, 2024. [See 11/12/2024 Text Order]. On December 20, 2024, Defendant Hendley moved for summary judgment. [Doc. 38].

Now before the Court are Plaintiff's letters directed to "Your honor" in which he requests copies of documents he recently filed with the Court and purports to notify the Court that the

Defendant "failed to answer the 2nd part of [Plaintiff's] discovery]," respectively.[1]  [Docs. 40, 43]. As with several of Plaintiff's other filings in this matter [see Docs. 7, 11, 18, 22], the Court will strike Plaintiff's letter asking for copies.  Plaintiff failed to sign this letter.  See Fed. R. Civ. P. 11(a).  Moreover, even if the letter had been signed, it is unclear what "5 documents" Plaintiff wants copies of.  [See Doc. 40 at 1].  Furthermore, a litigant is ordinarily required to pay his own litigation expenses, even if he is indigent.  See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."). Plaintiff purports to provide a copy of "stamps" as payment for the copies. These "stamps," however, appear to relate to payment for postage, not for payment to this Court for the cost of the copies.  The Court is not a copying service.  If Plaintiff needs copies of documents filed in the docket in this matter, he may pay for the copies he seeks at the standard rate of $.50 per page.  See https://www.ncwd.uscourts.gov/court-fees.

As for Plaintiff's letter regarding incomplete discovery responses, to the extent that Plaintiff intended this letter to be a motion to compel discovery responses from the Defendant, it is denied.  The discovery period in this case is closed and Plaintiff's motion is untimely.  Moreover, Plaintiff failed to include copies of the disputed discovery responses and failed to certify that he had conferred with Defendant in good faith before filing the motion.  See Fed. R. Civ. P. 37(a)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Letter [Doc. 40] is hereby **STRICKEN** from the record in this matter.

---

[1] As Plaintiff has been previously admonished, the Standing Order in this case provides that "[l]etters sent to the Clerk of Court or Judge will not be answered.  Only Motions will be ruled on by the Court." [Standing Order, ¶ 5; see Doc. 10 at 5].  Moreover, "[p]remature, misdirected, or otherwise improper filings will not be permitted."  [Id., ¶ 8].  Directing filings to the undersigned Judge is wholly improper; filings in this matter should take the form of motions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [Doc. 43] is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 6, 2025

Frank D. Whitney
Senior United States District Judge